IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMMANUEL ROGERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:24-cv-365-JDK-KNM |
| § | |
| BRYAN COLLIER, et al., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Emmanuel Rogers, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

After reviewing the pleadings, the Magistrate Judge issued an initial Report recommending dismissal of two of the Defendants, leaving only Officer Rigoberto Aguilera in the case. Docket No. 8; Docket No. 17 (adopting the Report). Officer Aguilera filed a motion to dismiss, and on March 12, 2025, the Magistrate Judge issued a Report recommending that this motion to dismiss be granted-in-part. Docket No. 20. No objections have been filed. Aguilera also filed a second motion to dismiss, but since then, he has filed a motion asking that this second motion to dismiss be withdrawn. Docket Nos. 22; 23.

1

The Magistrate Judge recounted the facts of the case in the initial Report. *See* Docket No. 8 at 2–5. In brief, Plaintiff contends that Aguilera told another inmate, Tanksley, that Plaintiff was a "snitch" and had informed on Tanksley. According to Plaintiff, this resulted in other inmates stealing his property and assaulting him.

The Magistrate Judge's Report noted that Plaintiff sought declaratory and injunctive relief, but he has since been transferred away from the prison unit where the alleged events occurred. This transfer rendered Plaintiff's requests for declaratory and injunctive relief moot. Docket No. 20 at 2–3 (collecting cases).

Additionally, the Magistrate Judge observed that while the body of Plaintiff's complaint said, "each defendant is sued individually in his/her official capacity," the caption of the lawsuit described each Defendant as "sued in their individual capacities." *Id.* at 3. Because of this apparent ambiguity, the liberal construction given to pro se pleadings counsels in favor of construing the complaint as suing Defendants—including Aguilera—in their individual as well as official capacities. *Id.* Thus, the Magistrate Judge recommended that the motion to dismiss be granted as to the claims for declaratory and injunctive relief and for monetary damages in Aguilera's official capacity but denied as to claims for damages in Aguilera's individual capacity. *Id.* at 4. Copies of this Report were sent to the parties, but no objections have been filed.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and

Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, the parties did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 20) as the findings of this Court.

Plaintiff's claims for declaratory and injunctive relief are **DISMISSED** as moot, and any claims for monetary damages against Defendant Rigoberto Aguilera in his official capacity are **DISMISSED** as barred by sovereign immunity. The dismissal of these claims shall have no effect upon Plaintiff's claims for damages against Officer Aguilera in his individual capacity.

It is further **ORDERED** that Defendant's motion to withdraw his second motion to dismiss (Docket No. 23) is **GRANTED**. The second motion to dismiss (Docket No. 22) is **WITHDRAWN.**

So **ORDERED** and **SIGNED** this **23rd** day of **July, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE